Do we have council for both sides in the next motion, Demirayak v. City of New York? I see. That's fine. Should be fine. May I proceed? Yes sir. Good afternoon, your honors. May it please the court. I'd just like to reserve two minutes for rebuttal if that's okay? Okay. I'm the plaintiff appellant in this case. I'm an attorney. I'm representing myself. And I believe I'm entitled to an injunction pending appeal of the denial of the injunction by the district court for the following reasons. Under the four factor test, I meet all of the factors and they all weigh in my favor. First of all, on the irreparable harm issue, the harm that we're discussing is happening as we speak. The Brooklyn courthouse is not wheelchair accessible, not by any means. And attorneys such as myself are denied meaningful access. You go and try to conference a case after you pick a jury, you can't get up to the conference room. There's no ramp provided. You try to use some of the bathrooms, they're not accessible. Or if they are, they're very tight. You'll be assigned to motion parts, to trials. You'll try to get into a courtroom and you just can't fit through the bench. And some of the bathrooms don't work. And an important point is, this is not just for the Brooklyn courthouse. For example, even in this own courthouse, there's not an accessible bathroom on this floor. And that necessarily is not meaningful access. But on the question of irreparable harm for the purposes of this motion, you've been litigating in Brooklyn, as I was looking at the papers, since 2016, seven trials? That's correct. About 12 trials. 12 trials. So why doesn't that work against your ability to show irreparable injury? Sure. On each of those trials, I've made due with the terrible situation. As you're an attorney, you work for a firm, it's kind of difficult to complain about the situation. You make due with terrible situations, terrible, narrow courtrooms. And it's all in the papers. Have there been circumstances when there's been no working, accessible bathroom? Yes, there have been. The last two trials I did were on the fourth floor, and there's no bathroom on there that's accessible. And until a couple- And in the courthouse as a whole, though? I mean, I thought there were three on three. There are three that are accessible, and on two occasions I was trying a case, they were completely out of order. Obviously, that's been remedied now based on their efforts. But it definitely is irreparable harm. And I'd like to move on to the other factors if that time is limited. On the substantial injury to a party, the government's not going to be injured. The quicker they get to remedies issues, the more cost-effective it'll be. It might cost a couple hundred dollars to get a ramp, a couple thousand to get a lift, and there's no reason why they shouldn't be doing that. I take it they've already modified the signs, they've corrected- All but two. I was in the court on Friday, and the signs for the jury part are still wrong. And obviously, I think that's because they want the jurors to think. But I'll leave that for another matter. As far as the public interest, this is not just about me. Anything they do for disability access will help every single person with a disability interest. The new signs they put in, for the first time, have Braille on them, so blind people can know where to go to the bathroom. And finally, on the likelihood of success of this appeal, the district judge denied my motion within about eight hours. No hearing, didn't hold any fact-finding, and it's defective as a matter of law. And the papers show that meaningful access is denied, and I think I will prevail on the merits of the entire case. Thank you. Thank you. Go ahead, sir. Good morning. Good afternoon. May it please the court, my name is Scott Eisenman. I represent the state defendants. Plaintiff seeks extraordinary relief. An injunction pending appeal that is not only mandatory, but also seeks the ultimate relief in this litigation. But he has not shown irreparable harm, and he has not shown a clear and substantial likelihood of success on the merits. A heightened bar that applies here because the injunction sought is both mandatory and because it seeks the ultimate relief. Now, I'd like to start with irreparable harm. The only concrete harm that plaintiff identifies in his papers consists of two upcoming trials, one this month, one next month. Well, we've been tracking those trials based on the index numbers provided so that we can reasonably accommodate plaintiff in those two trials. And what we've learned is that one has been transferred to another courthouse, and the other has settled. So the only concrete harm identified no longer exists. That should be enough to deny the motion on the basis that there is no irreparable harm that's not just speculative. The other harm the plaintiff identifies, that he might be in the courthouse on certain days, is too conjectural to meet the standard for a stay pending appeal that this court has articulated in prior cases. Isn't it reasonable of a plaintiff to demand access under the Rehab Act or the ADA to a working bathroom? And my understanding is there have been occasions in which there's been no accessible bathroom in the whole courthouse. I mean, putting aside the question of the law library and other public facilities that he is entitled to have access to, why isn't that both kind of an immediate and irreparable need if that situation were to recur? Well, if it were to reoccur, that might be irreparable harm, Your Honor. But as the city's papers make clear, the bathrooms that plaintiff alleges were not working are now working. And the defendants have been alerted to those situations and now can monitor them so that those bathrooms remain in working order. So the city could be sure and promise basically to maintain a working accessible bathroom at all times? Well, obviously there are situations where an individual toilet might become inoperable and that would require attention. I don't think it would be possible to ever- No, but to monitor it rather than to let it go. Yes, I think that the defendants can promise to monitor the situation going forward. And as it stands today, those bathrooms are in working order. In addition, OCA, the Office of Court Administration, reached out this week to plaintiff to let him know that going forward, he should just let them know of any proceedings he has in the Kings County Supreme Courthouse, and they will make efforts to reasonably accommodate him, including by transferring his proceedings to one of the four fully ADA-compliant courtrooms in the courthouse, in which he is able to maneuver without human intervention. Indeed, he admits in his papers that those courtrooms are a stark contrast to the unidentified ones about which he complains. Are there any plans to provide access to the law library and some of the other things that seem to require structural modifications? Well, there are plans to make structural modifications. As the city explains in its papers, there are structured negotiations going on with the New York lawyers for the public interest. The details of those structured negotiations are confidential, as I understand it. So I, unfortunately, am not able to provide more detail. I actually don't have more detail myself. Am I right in understanding that the only portion of the courthouse that is today ADA-compliant is that second-floor wing, the four courtrooms, and that newly renovated portion? That's the only portion that I can represent is fully ADA-compliant. That does not mean that other courtrooms aren't ADA-compliant in some sense. I understand. But those are fully ADA-compliant. But at least for now, a reasonable accommodation can be ensuring that plaintiff's proceedings take place in one of those four fully ADA-compliant courtrooms. As for something like the law library, Judge Carney, what plaintiff alleges is that he didn't have a quiet place to review his notes. If that is the accommodation he needs, OCA is more than willing to find a way for him to have a quiet place in the courtroom to review his notes or otherwise prepare for trial and other proceedings in the building. The touchstone here is reasonableness, and in terms of likelihood of success on the merits, I think plaintiff has not shown it because he has not shown that he's even made these requests for reasonable accommodations. What his papers show are ad hoc requests to be accommodated on a one-off basis, often at the last minute. Is it obvious to whom he should make these requests? Well, there are three ADA liaisons to whom he should make the requests. They're all in the Kings County Supreme Courthouse. I can also represent the administrative judge for Kings County, Justice Nippell, has taken a personal interest in this, and he said that any requests can also go to him. They can also go to the chief clerk, Charles Small, or to his first deputy. So any of those people can handle a request, and OCA will be logging these in a systematic fashion going forward, both requests and any complaints about anything that is not compliant. I have a clerical question as presider. Who is Daniel Brown? Daniel Brown is the attorney for the city, Your Honor. He signed in to argue, but you're Scott? Scott Eisman. How do you spell that? E-I-S-M-A-N. I believe I signed in as well, Your Honor. I'm an attorney for the state. That's fine. You just didn't have it. We didn't have it. We had Daniel Brown. Okay, fine. Let's hear from- Thank you, Your Honors. You have something to say, Mr. Brown? Okay, let's hear it. May it please the court. I'm Daniel Monson Brown on behalf of the Municipal Appellees. I just wanted to briefly touch upon what the attorney for the state has said. In the future, you should just divide the time that's available. Yes, Your Honor. Go ahead. I just wanted to note that there's nothing in any of the papers or any evidence I'm aware of that there's ever been a situation where all three of the accessible bathrooms have been out of order. Of course, there was no evidentiary hearing. There's been no factual development. But there's no allegation either, Your Honor. If you look at the medical plaintiffs that one or I think maybe on one day two were out of order, but there's no allegation anywhere that all three- I thought there was an instance in which all three were out. And just to speak briefly to the issue of temporary ramps and the law library, I think the plaintiff makes it sound like this would be some sort of five-minute fix. I think that the reason that there's a very methodical process for renovations, and the judges here were aware that this building was renovated not long ago, is it takes a long time. There's lots of compliance. There are lots of regulations, both at the state, local, and federal level that needs to be met. Just even focusing on ramps, the ADA itself has very strict requirements as to the grade and slope that's permissible. And there's no showing at all that even those simple requirements could be met here. If there are no further questions, thank you. Thanks. So as the thing comes down, basically, for reasonable accommodation to be reasonable, it has to be effective. And in order to be effective, as this court has held in Wright versus Corrections last year, it has to get rid of non-trivial temporal delays, delays of time, and it has to get rid of structural impediments. For example, as the complaint shows, before the case was filed on August 16th, I wanted to watch a case that one of my colleagues was watching. No lawsuit was filed. The court basically said, we're not going to relocate it for you. That was invalid. Then after the suit was filed, I prepared my client for trial over the weekend. It was a big trial. It took four days to do. And they relocated me from the room that was not accessible, but we waited an hour, an hour and a half to get it. My client is freaking out. Everyone is like, what's going on here? We finally go to the courtroom, and it's not an ADA-compliant courtroom. It's barely accessible. You can't fit around. That's not an effective accommodation. It doesn't get rid of the temporal delays, because you still have to find another floor for a bathroom. It doesn't get rid of structural impediments, because there's other issues there. And it's impossible to ask a trial attorney who wants to build a reputation for himself after only being out of law school for three years, to every time he goes to court once or twice a week, to ask a sitting judge, I'm sorry, you're going to have to move your court to another place. That just doesn't bode well. And it's kind of similar to the situation in the Wright case, where the inmate was kind of scared to tell officers or his cellmate that what was being given is insufficient, because it harms him. What's the procedural posture of this case if you do not prevail here? Presumably, injunctive relief will have been denied, but you still are seeking injunctive relief on the merits, right? Yes. So presumably, the case would go back to the district court, and it would proceed with your application for a permanent injunction. Yes, and at the very least, what I'm requesting in this appeal is just to be heard on the issue. The reason why I made the injunction so quickly is I wanted the judge to hold a hearing to find some facts at the early juncture, as is required on a preliminary injunction. I know I'm over time, but that's really the purpose of this. Did Judge Kuntz have any evidentiary hearing? No evidentiary hearing at all. The motion was denied about 12 hours after it was filed. All right, so that's your next step, if it goes back to the district court, is to seek as quickly as possible a hearing on your application for injunctive relief. And that would be after the appeal itself is determined, right? Well, the appeal is only on the question of whether we should grant the stay of the district court proceedings. What is it that you want? Well, on this motion, I'm just asking for a temporary injunction to require the government to basically provide temporary access. You're asking us to provide the remedy that the district court has not yet fully considered? Essentially. All right. So I believe an expedited appeal might help that. Thank you very much. Thank you. All right, we'll reserve decision.